**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Napier,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-17-01232-PHX-DLR<br><br>(Related Case No. CV-17-01231-PHX-DLR)<br><br>**ORDER** |

　　　　Plaintiff Margaret Napier works for the United States Postal Service (USPS). In December 2016, Plaintiff filed separate suits against her supervisors, Anna Christmas and Jacque Terrillion, in Maricopa County Justice Court. (Case Nos. CC2016-225112, CC2016-225114.) Plaintiff alleges that she slipped and fell while working at the Shaw Butte Post Office, that the supervisors refused to let her leave work and seek medical treatment for her injuries, and that she has not been reimbursed for medical bills she ultimately incurred. She seeks damages in the amount of $7,992.00, alleging that Christmas and Terrillion must pay for her medical costs because they were negligent and "failed to rescue" her. (Doc. 1-1 at 4.) In April 2017, the United States removed the actions to this Court and substituted as defendant in each case given that Plaintiff seeks damages against employees of the United States who were acting with the scope of their employment. (Docs. 1, 3; *see* Case No. CV-17-01231-PHX-DLR.)

The United States has filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 4.) The motion is fully briefed. (Docs. 9, 10.) Neither side has requested oral argument. For reasons stated below, the motion is granted.

**LEGAL STANDARD**

It is axiomatic that federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause of action lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under Rule 12(b)(1), dismissal is proper when subject matter jurisdiction is lacking. *See Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 431 n.5 (9th Cir. 1978).

Even where statutory authority, such as 28 U.S.C. § 1331, purports to vest a district court with jurisdiction over a case, it would not necessarily waive the United States' sovereign immunity from suit. *Robinson v. Salazar*, 838 F. Supp. 2d 1006, 1040 (E.D. Cal. 2012). "A waiver of sovereign immunity means the United States is amenable to suit in a court properly possessing jurisdiction; it does not guarantee a forum." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 923 (9th Cir. 2009). "Conversely, the mere existence of a forum does not waive sovereign immunity." *Id.* at 924. In short, the Court "lacks subject matter jurisdiction over a suit against the United States without a waiver of sovereign immunity." *Robinson*, 838 F. Supp. 2d at 1041 (citing *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007)).

**DISCUSSION**

The United States argues that it has not waived sovereign immunity from suit because the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101 et seq., provides the exclusive remedy for Plaintiff's on-the-job injuries and bars this civil action. (Doc. 4 at 2-5.) The Court agrees.

FECA requires the government to "pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of [her] duty." 5 U.S.C. § 8102(a). To qualify for compensation, the employee must apply to the Secretary of Labor, who has authority to administer and decide all questions under FECA. 5 U.S.C. § 8145. Pursuant to § 8116, the liability of the United States for a workers' compensation claim is governed exclusively by the FECA administrative scheme and civil actions for tort or other claims arising from a work-related injury are barred. Specifically, § 8116(c) provides as follows:

> The liability of the United States under this subchapter . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

In other words, the "remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993); *see Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (noting that "if compensation is available under FECA, all other statutory remedies for claims arising under the same facts are preempted").

Here, Plaintiff does not dispute that FECA provides the exclusive remedy for her injuries. (Doc. 9 at 4.) Rather, Plaintiff asserts that Terrillion violated FECA by denying her leave from work to obtain medical treatment and Christmas upheld this decision. (Docs. 1-1 at 4, 9 at 4-5.) Plaintiff further asserts that she applied to the Secretary of Labor to pursue her FECA claim by providing a completed CA-1 form to Terrillion. (Doc. 9 at 6.) Plaintiff states that she brought this action because USPS has violated FECA. (*Id.*)

As explained above, however, the FECA administrative scheme is the exclusive remedy for the work-related injuries Plaintiff sustained. It does not appear that Plaintiff appealed or otherwise pursued her FECA claim beyond providing the initial form to

Terrillion, but this is not sufficient to waive sovereign immunity or confer subject matter jurisdiction in this civil action. Moreover, even if Plaintiff had pursued the claim and been denied compensation, § 8128(b) "explicitly provides that the courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations[.]" *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006).[1]

FECA "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise – the 'quid pro quo' – commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).

"As the party asserting a claim against the United States, [Plaintiff] has the burden of 'demonstrating an unequivocal waiver of immunity.'" *Park Place*, 563 F.3d at 924 (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)). Plaintiff has failed to meet her burden, and the Court therefore is without subject matter jurisdiction over this case. The United States' motion to dismiss under Rule 12(b)(1) is granted.[2]

//
//
//
//

---

[1] Plaintiff asserts for the first time in her response that Christmas and USPS violated OSHA regulations and her FLMA rights. (Doc. 9 at 6-7.) Plaintiff, however, did not include such claims in her complaint and seeks only compensatory damages for medical costs she incurred. (Doc. 1-1.) Plaintiff's references to the FLMA and OSHA in her response are not sufficient to preclude dismissal of her complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (the scope of review on a motion to dismiss generally is limited to the contents of the complaint).

[2] Given this ruling, the Court need not address the United States' alternative arguments that Plaintiff has failed to exhaust her administrative remedies for any FTCA claim and otherwise has failed to state a plausible claim to relief. (Doc. 5 at 5-6.)

- 4 -

**IT IS ORDERED** that the United States' motion to dismiss (Doc. 4) is **GRANTED**. The motion to vacate the Rule 16 scheduling order and conference (Doc. 8) is **DENIED** as moot. The Clerk is directed to terminate this action.

Dated this 16th day of June, 2017.

Douglas L. Rayes
United States District Judge